ORIGINAL

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

ABDULWAHAB ROBA,

        Plaintiff,

-v-

MACY'S SOUTH, LLC.,
DEPARTMENT STORE NATIONAL
BANK, FDS BANK, FOSTER &
GRUBBS and EQUIFAX
INFORMATION SERVICES, LLC,
a domestic limited liability company,

        Defendants.

: AUG 1 1 2006
: JAMES N. HATTEN, Clerk
: By: _____ Deputy Clerk
:
: CIVIL ACTION
:
: FILE NO.
:
: **1:06-CV-1886 CAP**
:
:
:
: **COMPLAINT AND**
: **DEMAND FOR JURY TRIAL**
:

## JURISDICTION

1. The jurisdiction of this Court attains pursuant to the Fair Credit Reporting

Act, ("FCRA"), 15 U.S.C. § 1681(p), the Truth in Lending Act, 15 U.S.C. § 1640, the

Fair Debt Collection Practices Act, 15 U.S.C. § 1692k and 28 U.S.C. § 1337 and the

doctrine of supplemental jurisdiction. Venue lies in the Northern District of Georgia

as plaintiff's claims arise from acts of the defendants perpetrated therein.

## PRELIMINARY STATEMENT

2. Plaintiff brings this action for damages based upon defendants' violations

of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, the the Truth

in Lending Act, 15 U.S.C. § 1601 *et seq.*, the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and of state law obligations brought as supplemental claims.

## PARTIES

3. Plaintiff ABDULWAHAB ROBA ("Roba") is a natural person and is a resident of Fulton County, the State of Georgia and of the United States. Plaintiff is a "consumer" as defined by § 1681a(c) of FCRA.

4. Defendant Macy's South, LLC ("Macy's") is a foreign limited liability company organized under the laws of Ohio which sells merchandise at stores in the Northern District of Georgia.

5. Macy's is a furnisher of information as contemplated by FCRA §§ 1681s(2)(a) & (b), that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

5. FDS Bank ("FDSB") is a federally chartered stock savings bank which for a period of time had credit card accounts with Macy's customers.

6. Department Store National Bank ("DSNB") is a limited-pur-pose credit card national bank located at 701 East 60th Street North, Sioux Falls, South Dakota which does business in the Northern District of Georgia and which acquired Plaintiff Roba's

account from FDS Bank.

7. DSNB is a furnisher of information as contemplated by FCRA §§ 1681s(2)(a) & (b), that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

8. Equifax Information Services LLC ("Equifax") is a domestic limited liability company licensed to do business in the State of Georgia.

9. Equifax is a consumer reporting agency, as defined in § 1681(f) of the FCRA, regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in § 1681a(d) of the FCRA, to third parties.

10. Foster and Grubbs is a New York law firm which does business in the Northern District of Georgia and which regular attempts to collect consumer debts.

## FACTUAL ALLEGATIONS

11. Plaintiffs creditworthiness has been repeatedly compromised by the acts and omissions of the defendants.

12. As of June 30, 2005, Plaintiff Roba had a Macy's charge account with FDS Bank which charge account number ended in "8649" and which had a zero

balance(hereinafter referred to as the "Macy's Account I").

13. On July 6, 2005, Plaintiff Roba was shopping at Macy's North Dekalb Mall store and sought to make a purchase for shoes which were offered at a price of $99.00.

14. In the course of making the shoe purchase, the sales person suggested to Plaintiff Roba that he upgrade his "Rewards" account which would entitle Plaintiff to a discount on his purchase.

15. The sales person stated to Plaintiff Roba that his old account (Macy's Account I) would be closed and his upgraded "Rewards" account would be opened in its place.

16.     Plaintiff Roba accepted the suggestion of the sales person and agreed to open a new "Rewards" account through FDS Bank which account number ended in "1035-0" (hereinafter referred to as "Macy's Account II") which account was opened for the personal use of the Plaintiff.

17. The result was that on July 6, 2005, Plaintiff Roba purchased shoes for the total amount of $85.80 which amount was charged to his Macy's Account II.

18. On July 10, 2005, Plaintiff Roba purchased another pair of shoes from a Macy's store and the amount of $44.99 was charged to his Macy's Account II. hereto

19. On July 30, 2005, Plaintiff Roba went to Macy's North Dekalb Mall store

and paid $80.00 to Macy's.

20. Although the July 30, 2005 credit receipt shows that the payment was credited to the Macy's Account I, in reliance on the sales persons statement that his Macy's Account I would be closed, Plaintiff Roba assumed that the payment was credited to his Macy's Account II .

21. On August 6, 2005, Macy's sent Plaintiff Roba an account statement for Macy's Account II for the period ending August 6, 2005 which showed:

A. That the balance owing was $78.22 (apparently reflecting an adjustment to the July 6, 2005 purchase reducing the amount of the charge to $78.22);

B. The charge of $44.99 for the July 10, 2005 transaction;

C. No credit for the $80.00 payment on July 30, 2005;

D. A $25.00 charge for a late payment fee; and

E. A Finance Charge of $2.20.

22. On August 16, 2005, Plaintiff Roba visited Macy's North Dekalb Mall store and requested the balance on his account from a representative of Macy's and paid the balance represented to him of $42.21.

23. On October 6, 2005, FDS BANK sent Plaintiff Roba an account statement for Macy's Account II which showed a balance owing of $110.43 which was incorrect because the account had been paid in full.

Page -5-

24. In the period commencing in August 2005 and continuing thereafter, Plaintiff Roba contacted Macy's on numerous occasions and attempted to have Macy's correct the status of Macy's Account II.

25. In his efforts to the have the status of Macy's Account II corrected, Plaintiff Roba on numerous occasions provided representatives of Macy's with copies of Exhibits A, B, C, and D which plainly showed that Macy's Account II had been paid.

26. Despite Plaintiff Roba's efforts, Macy's and FSB Bank continued to attempt to collect amounts on the account in question that had been paid and sent Plaintiff statements showing various amounts owing.

27. Commencing in December, 2005 Macy's begin to send dunning notices regarding the account in question to Plaintiff Roba claiming that amounts were owing on the account.

28. In August 2005, Macy's and FDS Bank began to report information regarding the account in question to Equifax showing an amount past due.

29. Sometime in December 2005, FDS Bank sold the Macy's Account II to Department Store National Bank which sent Plaintiff inaccurate account statements.

30. Thereafter Macy's/DSNB reported to Equifax that the account in question was past due and that the "CHARGE OFF AMOUNT" was "$253.00.".

31. In December 2005, Plaintiff Roba applied for a credit card with CitiBank but was turned down in part because of the adverse inaccurate information appearing on his Equifax credit report.

32. In April and May 2006, Plaintiff Roba was contacted by the law firm of Forster and Grubbs, seeking payment of $252.63 on the Macy's Account II.

33. In April 2006, Plaintiff Roba applied for a position with State Farm Insurance Agency but was denied the position based on the inaccurate adverse information supplied by Macy's/DSNB which appeared on the Equifax credit report.

34. In June of 2006, Plaintiff Roba contacted Equifax and requested that it reinvestigate the information appearing in his credit file with respect to Macy's Account II.

35. On June 23, 2006, Equifax replied that a "reinvestigation" had occurred and that Macy's/DSNB had "verified to Equifax" that the adverse information was correct.

## STATEMENT OF CLAIMS AGAINST MACY'S,

36. MACY'S has:

a)    willfully and/or negligently violated the provisions of the FCRA by willfully and/or negligently failing to comport with FCRA § 1681s-2(b);

b)    defamed plaintiff by publishing to third parties information regarding his

creditworthiness;

c) invaded the privacy of plaintiff;

d) made statements on which Plaintiff detrimentally relied causing plaintiff damages;

e) violated the FDCPA with respect to Plaintiff by inter alia attempting to collect an amount greater than allowed by law; and

f) breached its duties of good faith and fair dealing arising from Macy's Account I and II.

## STATEMENT OF CLAIMS AGAINST DSNB

37. DSNB has:

a) invaded the privacy of plaintiff;

b) defamed plaintiff by publishing to third parties information regarding his creditworthiness;

c) willfully and/or negligently violated the provisions of the FCRA by willfully and/or negligently failing to comport with FCRA § 1681s-2(b);

d) violated the FDCPA with respect to Plaintiff by inter alia attempting to collect amounts greater than allowed by law; and

e) violated the Truth in Lending Act by, inter alia, sending Plaintiff inaccurate

Page -8-

monthly statements and failing to properly credit payments.

## STATEMENT OF CLAIMS AGAINST FDSB

38. FDSB has:

a)    invaded the privacy of plaintiff;

b)    defamed plaintiff by publishing to third parties false information regarding his creditworthiness;

c)    violated the Truth in Lending Act by, inter alia, sending Plaintiff inaccurate monthly statements and failing to properly credit payments.

## STATEMENT OF CLAIMS AGAINST EQUIFAX

39. In the entire course of its action, Equifax willfully and/or negligently violated the provisions of the FCRA in the following respects:

a)    by willfully and/or negligently failing, in the preparation of the consumer reports concerning plaintiff, to follow reasonable procedures to assure maximum possible accuracy of the information in the reports;

b)    by willfully and/or negligently failing to comport with FCRA § 1681i; and

c)    defaming plaintiff by publishing to third parties false information

Page -9-

regarding his creditworthiness.

## STATE OF CLAIMS AGAINST FORSTER AND GRUBBS

40.   Foster and Grubbs have violated the FDCPA with respect to Plaintiff by, inter alia, attempting to collect amounts greater than allowed by law.

## PRAYER FOR RELIEF

THEREFORE, plaintiff prays that the Court grant the following relief as against Defendants:

a)      actual damages;

b)      punitive damages;

c)      on plaintiff's state law claims general damages;

d)      attorney's fees;

e)      costs; and

f)      trial by jury.

                        Respectfully Submitted,


                        _____
                        Daniel Bowen
                        Attorney for Plaintiff
                        Georgia Bar No. 071150
                        170 Mitchell Street, S.W.
                        Atlanta, GA 30303
                        (404) 681-2660
                        (404) 681-2663 (FAX)